**United States District Court**
**District of Colorado**

Case No.: 15-cv-00363-MSK-NYW

CHARLES F. FRYBERGER d/b/a CHUCK FRYBERGER FILMS,

     Plaintiff,

v.

TRIPTELEVISION, LLC, a Nevada company,
KULIN STRIMBU, an individual,
ELIZABETH HOLT, an individual,
RICH MEDIA EXCHANGE, LLC, a Colorado company
APPLE VACATIONS, LLC, a Delaware Corporation,

     Defendants.

**~~Proposed~~ Protective Order**

The following provisions are necessary for the protection of the parties confidential, proprietary, or otherwise protected information pursuant to the provisions F.R.CP. 26(c).

IT IS HEREBY ORDERED THAT:

1. AUTHORIZED DESIGNATION UNDER PROTECTIVE ORDER AND NON-WAIVER

A.    Each party producing information including, but not limited to, any document, record, electronically stored information ("ESI") or tangible thing (collectively "Documents") in this litigation shall label it as "Confidential" to the extent that the providing party believes in good faith that the information falls within the scope of protection defined more fully in Paragraph 2 below, and as "Attorneys' Eyes Only" to the extent that the providing party believes in good faith that the information falls within the scope of protection defined more fully in Paragraph 3 below. ESI that is converted to an image format (PDF or TIFF) for production shall be designated by affixing the appropriate designation to the image.  ESI produced in a non-image format shall be designated by including the appropriate designation in the file name of the produced file and/or also by producing a slip sheet bearing the bates number (if any), file name, and the appropriate designation.

B.      Non-waiver.

1) The failure to designate materials as "Confidential" or "Attorneys' Eyes Only" at the time of production shall not preclude the producing party from imposing such designation at a later time if it believes in good faith that the information falls within the scope of protection defined more fully in Paragraph 3 below.  If a  producing party fails to designate a Document as "Confidential" or "Attorneys Eyes Only" in the first instance and later discovers that the Document should have been so designated, it shall may do so by promptly notifying the receiving party or parties and providing a replacement copy of the Document bearing the new Designation.

2) If a receiving party objects to the new designation, it shall follow the challenge procedure outlined in Paragraph 7 below.

3) If the receiving party used the document in a manner inconsistent with the new designation prior to receiving such notice, then such prior use is not a breach of this Order.  However, upon receipt of such notice and until the resolution of any dispute concerning such designation, the receiving party shall treat the document in accordance with the new designation provided.

2.   ITEMS THAT QUALIFY FOR "CONFIDENTIAL" DESIGNATION

A party may designate as "Confidential" any business documents, correspondence, testimony, or other sensitive or private information that the disclosing party believes should remain confidential between the parties to the lawsuit and not be disclosed to any third party.

2005642812_1

3.   ITEMS THAT QUALIFY FOR "ATTORNEYS' EYES ONLY" DESIGNATION

A party may designate as "Attorneys' Eyes Only" any document, tangible thing, testimony, or other data related to: any proprietary, sensitive business or technical information that would provide a significant advantage to the party's competitors if disclosed, including for example, business development plans, trade secrets, proprietary information, competitor market analyses, customer lists, bidding information, internal financial-accounting information, operations information, and pricing and cost information.

4.   DISTRIBUTION AND USES OF "CONFIDENTIAL" MATERIAL:

A.   Documents, records or items marked as "Confidential" material shall be used solely for the purpose of conducting this litigation and not for any other purpose. Absent written consent or a court order to the contrary, all documents, records, or other items disclosed or produced in relation to this case which have been marked as "Confidential" material may be disclosed by the party in receipt thereof only to the following persons:

1) Legal Counsel for the parties in this litigation, including necessary secretarial, clerical, paralegal, and other administrative personnel assisting such counsel;

2) Accounting staff for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel or auditors;

3) Parties or employees, agents, or representatives of the parties;

4) Court reporters, videographers, interpreters, document reproduction companies and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like and are working at the direction of or in cooperation with Legal Counsel or testifying Expert Witnesses;

2005642812_1

5) Expert Witnesses who are engaged by a party or its Legal Counsel to assist in this proceeding;

6) Witnesses or potential witnesses who appear or will potentially appear for deposition or trial that agree to comply with the terms of this Protective Order (see Exhibit A);

7) An author, records custodian, or recipient of the documents, records, or other items marked as "Confidential" materials; and

8) The judge and employees of the Court, together with the members of any official jury pool.

5. DISTRIBUTION AND USES OF "ATTORNEYS' EYES ONLY" MATERIAL

A.    Documents, records or items marked as "Attorneys' Eyes Only" material shall be used solely for the purpose of conducting this litigation and not for any other purpose. Absent written consent or a court order to the contrary, all documents, records, or other items disclosed or produced in relation to this case which have been marked or designated as "Attorneys' Eyes Only" may be disclosed by the party in receipt thereof only to the following persons:

1) Legal Counsel for the parties including necessary secretarial, clerical, paralegal, and other administrative personnel assisting such counsel;

2) Accounting staff for the parties, including necessary secretarial, clerical and paralegal personnel assisting such counsel or auditors;

3) The judge and employees of the Court;

4) Court reporters, videographers, interpreters, document reproduction companies and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like and are working at

4

the direction of or in cooperation with Legal Counsel, Accounting Counsel, Auditors, Consultants, or testifying Expert Witnesses;

5) Testifying Expert Witnesses who execute a form of Exhibit A entitled "Agreement to be Bound By Protective Order," and their staff who are not affiliated with any party and are engaged by a party or its Legal Counsel to assist in this proceeding, and who shall communicate solely with Legal Counsel and not with the party;

6) An author, records custodian, or recipient of the documents, records, or other "Attorneys' Eyes Only" materials.

6.   DEFINITION OF LEGAL COUNSEL

The term "Legal Counsel" shall mean any licensed attorney who is consulted by the parties in this litigation, including necessary secretarial, clerical and paralegal personnel assisting such attorney.

7.   PROCEDURE FOR CHALLENGING DESIGNATIONS

A party may object to the designation of particular materials as "Confidential" or "Attorneys' Eyes Only" by giving written notice to the party designating the disputed information within thirty (30) calendar days of receiving the materials in question. The written notice shall identify the information to which the objection is made by Bates number or, if Bates numbers are unavailable, by the clearest reasonable description of the information. The designating party shall respond to the challenge within ten (10) calendar days after the date on which the notice of objection is sent.

If the parties cannot resolve the objection within three calendar days thereafter, the designating party must file with the Court a motion requesting the Court to uphold the designations of the material subject to the objection within the next three days. If such motion is timely filed,

the disputed information shall be treated as originally designated under the terms of this Protective Order until the Court rules on the request. If the designating party fails to file such a request within the prescribed time, the disputed information shall lose its designation as "Confidential" or "Attorneys' Eyes Only" and shall not thereafter be treated as such in accordance with the terms of this Protective Order unless good cause is shown.

8. PROCEDURE FOR REQUESTING REVIEW OF "ATTORNEYS' EYES ONLY" MATERIAL BY INDIVIDUALS NOT NAMED IN SECTION 5

If a party wishes to disclose materials marked "Attorneys' Eyes Only" to an individual or class of individuals other than those specified in Section 5, the party may do so only after (1) requesting written consent from the opposing party, and (2) if consent is not given within seven (7) calendar days, filing a motion with the Court requesting an order allowing the individual or class of individuals to be permitted to view the materials.

9. ENFORCEMENT

The parties agree that this Court shall retain jurisdiction over this matter and this Protective Order to enforce the terms of this Protective Order.

10. OBLIGATIONS UPON TERMINATION OF LITIGATION

Legal Counsel may retain "Confidential" or "Attorneys' Eyes Only" information for a three-year period following the Final Termination of this litigation, at which time Legal Counsel may either return or destroy the documents. This Order does not require Legal Counsel to undertake any extraordinary or unreasonable measures or incur any significant expense, such as purging "Confidential" or "Attorneys' Eyes Only" from archival or back-up storage media.  Legal Counsel shall preserve the confidentiality of the information as required by Sections 4 and 5 above so long as such information remains in the possession of Legal Counsel. Notwithstanding the

2005642812_1

above, Legal Counsel may retain intact any pleading, transcript, exhibits, correspondence or other materials within its case file that includes or references "Confidential" or "Attorneys' Eyes Only" materials in accordance with such Legal Counsel's own document retention policy, but shall continue to preserve its confidentiality. This Protective Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the other party or further order of the Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modifications of this Protective Order. The Court retains jurisdiction subsequent to settlement, if any, or entry of judgment, if any, to enforce the terms of this Protective Order.

For purposes of this Section 10, the term "Final Termination" shall mean that all Judgments or Orders that may be entered are no longer subject to appeal or further appeal.

11. <u>NO EFFECT ON DISCOVERY ORDERS</u>

Nothing in this Protective Order shall be deemed or interpreted to vacate, amend, or modify any Orders which have been previously entered by the Court relating to discovery matters except for the ability of the parties to designate materials as "Confidential" or "Attorneys' Eyes Only" as provided for herein, and by doing so subject such materials to the restrictions and procedures set forth herein.

12. <u>NO WAIVER</u>

Nothing in this Protective Order, or the taking of any action in accordance with the provisions of this Protective Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in this proceeding, or any waiver of the attorney-client or work-product privilege.

2005642812_1

The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and except as expressly provided herein, shall not relieve any party of the obligation of producing information in the course of discovery.

13.  SUBPOENAS

If any party or other person authorized under this Protective Order to receive "Confidential" or "Attorneys' Eyes Only" materials receives a subpoena from a non-party to this Protective Order seeking production or other disclosure of such material, that party or person shall object to production of any such material and shall immediately give written notice to counsel for the party who produced such material identifying the material requested and enclosing a copy of the subpoena. The duty of the receiving party shall be discharged by such notice and objection and the receiving party may, but is not required to, undertake any further expense or effort to defend the designation of the producing party.  If ordered by a court to produce such material, the subpoenaed party may do so.

14.  AMENDMENTS AND MODIFICATIONS

No amendment, modification, or supplement to this Protective Order shall be binding on any of the parties unless it is in writing and signed by the parties in interest at the time of the modification, or otherwise ordered by the Court.

Dated this __18th__ day of __December____, 2015.

s/ Nina Y. Wang
_____
Judge
Nina Y. Wang
United States Magistrate Judge

8

Submitted and approved as to form and content this 4th day of December, 2015.


/s Scott E. Brenner                                     /s Joy Allen Woller  (per authorization)
Scott E. Brenner                                           Joy Allen Woller
Thomas P. Howard                                    Frederick J. Baumann
William C. Groh                                        LEWIS ROCA ROTHGERBER LLP
Thomas P. Howard, LLC                          1200 17th Street, Suite 3000
842 W. South Boulder Rd., Suite 200       Denver, CO 80202-5855
Louisville, CO 80027                              Tel: 303.623.9000
Tel: 303-665-9845                              Fax: 303.623.9222
Fax: 303-665-9847                             *Attorneys for Defendant*
*Attorneys for Plaintiff*                     *Apple Vacations, LLC*
*Chuck Fryberger*

## **EXHIBIT A TO PROTECTIVE ORDER**

I, _____, have read the Protective Order

entered in the state court proceeding Charles F. Fryberger d/b/a Chuck Fryberger Films v.

Triptelevision, LLC, et al., United States District Court, District of Colorado Case No.: 15-cv-

00363-MSK-NYW. I understand its contents, and agree not to make any disclosures of

information, documents, tangible things, testimony, or other data marked or identified and

produced as "Confidential" or "Attorneys' Eyes Only" materials in this litigation to any person

who is not permitted to have access to the same under the Protective Order.


_____
Signature

_____
Name

_____
Date