**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 15-cv-00363-MSK-NYW**

**CHARLES F. FRYBERGER, doing business as Chuck Fryberger Films,**

    **Plaintiff,**

**v.**

**TRIP TELEVISION, LLC, a Nevada company;
KULIN STRIMBU, an individual;
ELIZABETH HOLT, an individual;
RICH MEDIA EXCHANGE, LLC, a Colorado company; and
APPLE VACATIONS, LLC, a Delaware corporation,**

    **Defendants.**

---

## ORDER ON JOINT MOTION TO STAY PROCEEDINGS

---

**THIS MATTER** comes before the Court on the parties' Joint Motion to Stay Proceedings (**#43**). They represent the facts that follow.

On February 20, 2015, the Plaintiff, Charles Fryberger, d/b/a Chuck Fryberger Films ("Fryberger") filed this lawsuit against Defendants, Trip Television, LLC ("Trip TV"), Kulin Strimbu, Elizabeth Holt (Holt), Rich Media Exchange, LLC, and Apple Vacations, LLC, alleging various claims for copyright infringement, breach of contract, and civil theft. The Court entered a Scheduling Order (**#23**), setting several deadlines, including a discovery deadline of January 22, 2016 and a dispositive motion deadline of February 19, 2016. On November 13, 2015, Defendants Trip TV and Ms. Holt filed Voluntary Petitions for bankruptcy relief under Chapter 7 and gave notice of the filings (**#37**).

1

In light of the bankruptcy filings, the parties seek an indeterminate stay of the case. They specifically request that the Court vacate all pending discovery deadlines or, alternatively stay the case "until such time as the parties can determine how to proceed. . ." In support of their request the parties state that they agree upon a stay, may enter into settlement negotiations, and it is unclear what effect the bankruptcy filings might have.[1] None of these explanations are sufficient to justify either vacation of all discovery deadlines or an indeterminate stay.

There is no doubt that the filing of a bankruptcy petition "operates as a stay of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement [of the bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1); *see TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 496 (10th Cir. 2011). But there are limits to an automatic stay. It is not indefinite, can be lifted by the bankruptcy court, and is limited in scope. For instance, it does not necessarily require halt of an ongoing lawsuit involving the debtor, nor cessation of discovery, if not all defendants in the suit have sought bankruptcy relief. *See In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009); *see also Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994). In addition, "certain actions, including requests for discovery, may be taken against a debtor without violating an automatic stay." *See In re Miller*, 262 B.R. 499, 505

---

[1] For these reasons, the parties suggest that the Court exercise its inherent power to stay the litigation. In exercising its discretion to stay discovery, a Court considers the following factors: (1) the interests of the plaintiff; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *See id*. Whether to stay discovery rests within the sole discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). However, staying all discovery is generally disfavored. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267, 2007 WL 1655362, *1 (D. Colo. June 6, 2007), but for the reasons stated is unpersuaded that a stay is appropriate upon the record submitted.

(9th Cir. 2001) *Bass v. PJCOMN Acquisition Corp.*, No. 09-cv-01614, 2011 WL 5417083, *3 (D. Colo. Nov. 8, 2011).[2]

Here, the parties have not demonstrated good cause justifying staying all discovery. Neither their motion, nor the Court's review of the underlying record identifies what discovery is pending, what discovery has been requested from the Debtors (and why responding to such discovery would prejudice the Debtors), what action will be or has been taken in the bankruptcy cases (e.g. filing a claim, a Rule 2004 examination, filing a Motion for Relief from Stay, expiration of the automatic stay), what matters can proceed without running afoul of the automatic stay, and whether supplemental orders in this case are necessary to both honor the automatic stay and to serve Fed. R. Civ. P. 1's purpose of ensuring the just, *speedy*, and inexpensive determination of every action.

On this showing, the Court thereby **DENIES** the Joint Motion to Stay the Proceedings (**#43**).

DATED this 11th day of January, 2016.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger

---

[2] In *Miller*, the Ninth Circuit examined the reach of an automatic stay under § 362(a), and concluded that claims against the debtor's co-defendants should proceed. The Circuit ruled that the plaintiff may continue the discovery process, and to do so, may seek discovery from the debtor, including deposing the debtor, when such discovery was related to the plaintiff's claims against the codefendants. *Miller*, 262 B.R. at 504; *see also In re Philadelphia Newspapers, LLC*, 423 B.R. 98, 104 (E.D. Pa. 2010); *In Mahurkar Double Lumen Hemodialysis Patent Litigation*, 140 B.R. 969 (N.D. Ill. 1992); *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (C.D. Ill. 2003); *F.M. v. Walden*, No. 13-cv-00264, 2013 WL 8481607, *5 (D. N.M. Aug. 6, 2013); *but see In re Residential Capital, LLC*, 480 B.R. 529, 537 (S.D. N.Y. 2012).

United States District Court

4