**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00363-MSK-NYW

CHARLES F. FRYBERGER,

    Plaintiff,

v.

TRIPTELEVISION, LLC,
KULIN STRIMBU,
ELIZABETH HOLD,
RICH MEDIA EXCHANGE, LLC,
APPLE VACATIONS, LLC,

    Defendants.

---

**MINUTE ORDER**

---

Entered by Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff's Motion to Compel TripTelevision, LLC to respond to Plaintiff's First Set of Discovery Requests ("Motion to Compel") [#52, filed Feb. 12, 2016], which was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated May 11, 2015 [#30], and the Memorandum dated February 12, 2016 [#53]. The court has reviewed the briefing on the matter, including the Response to the Motion to Compel filed by Defendant TripTelevision, LLC ("TTV") [#52, March 8, 2016], and Plaintiff's Reply in Support of its Motion to Compel TripTelevision, LLC to Respond to Plaintiff's First Set of Discovery Requests ("Reply") [#62, filed Mar. 25, 2016]. The court also heard argument from Plaintiff Charles F. Fryberger ("Plaintiff" or "Mr. Fryberger") and TTV at the Status Conference held on April 7, 2016. [#65].

    During the Status Conference, the Parties informed the court that the discovery responses were being served on that date, and that the only remaining issue with respect to the pending Motion to Compel was whether sanctions would be awarded to Mr. Fryberger. Mr. Fryberger argued that an award of reasonable expenses incurred making the instant motion, including attorney's fees, were warranted because TTV had failed to serve discovery responses in a timely fashion prior to filing for bankruptcy protection, and even after the presiding judge, the Honorable Marcia S. Krieger, denied the Joint Motion to Stay the Proceedings. [#48]. Mr. Fryberger also argued that sanctions should lie solely against TTV's attorneys, as there was no

evidence that TTV instructed its counsel not to respond to the outstanding discovery. TTV argued that sanctions were not warranted, given that all Parties involved were under the assumption that the bankruptcy filing would stay this proceeding, and that responses were being provided. TTV's counsel further argued that the Motion to Compel did not include any argument that any sanctions should lie against him personally.

Plaintiff cited Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure as the basis of his request for an award of reasonable expenses, including attorney's fees. That Rule provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

In this case, this court finds that the circumstances make an award of expenses unjust. At the May 11, 2015 Scheduling Conference, the court advised the Parties of its informal discovery dispute process [#32] that requires parties to initiate an informal discovery dispute conference before filing a formal discovery motion, so that the court can attempt to resolve the issue without the time and expense associated with formal briefing. No such informal conference was initiated, prior to the filing of the Motion to Compel, and the court could have likely resolved this dispute at the informal conference without requiring any formal motion to be filed.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Compel TripTelevision, LLC to respond to Plaintiff's First Set of Discovery Requests [#52] is **DENIED**, with each party bearing its own costs and fees associated with this Motion to Compel.

The Parties are further advised that failure to adhere to the informal discovery dispute process in the future may lead to the striking of any discovery motion that is filed without first undergoing an informal discovery conference without substantive consideration.

DATED: April 21, 2016