## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00363-WJM-STV


CHARLES F. FRYBERGER d/b/a CHUCK FRYBERGER FILMS,
    Plaintiff,

v.

TRIPTELEVISION, LLC, a Nevada company,
KULIN STRIMBU, an individual,
RICH MEDIA EXCHANGE, LLC, a Colorado company
APPLE VACATIONS, LLC, a Delaware Corporation,
    Defendants.

---

### (Proposed) FINAL PRETRIAL ORDER

---

### 1.    DATE AND APPEARANCES

The Final Pretrial Conference was held on December 16, 2021, at 11:30 AM in Courtroom A 402 before Judge Varholak, on the Fourht Floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Scott E. Brenner appeared on the behalf of Plaintiff Charles F. Fryberger. Troy Rackham appeared on behalf of Defendants Kulin Strimbu and Rich Media Exchange, LLC.

### 2.    JURISDICTION

Jurisdiction in this case in this case is not disputed. This action arises under the Federal Copyright Act of 1976 (17 U.S.C. § 101 et seq.). Jurisdiction is founded on 28 U.S.C. §§ 1331, 1338, and 1367(a). Venue is conferred by 28 U.S.C. §§1391(b) and (c), and 1400.

### 3.    CLAIMS AND DEFENSES

**A.    Plaintiff's Claims.**

Plaintiff Charles F. Fryberger d/b/a Chuck Fryberger Films filed this action for copyright infringement under 17 U.S.C. §101 et seq. This action arises as a result of Defendants' intentional displaying, copying, using, distributing, and publishing of Plaintiff's copyrighted work without license or permission. Three of the defendants have been dismissed from the this action: Apple Vacations, TripTelevision, and Elizabeth Holt. The remaining Defendants are Kulin Strimbu and Reich Media Exchange.

Fryberger is in the business of producing and editing videos. In September 2012, Fryberger was contracted by TripTelevision to produce and edit a series of videos promoting Apple Vacation's resorts (the "Videos"). Both Fryberger and TripTelevision understood that Apple Vacations was the customer for the videos.  Based on that understanding, Fryberger produced more than 100 videos promoting Apple Vacations.

Fryberger and his employees shot substantial portions of the footage shown in the Videos. Fryberger and his employees developed travel itineraries, production schedules, and shot lists for the resorts featured in the Videos. They flew to many of the resorts resorts and shot footage of the resorts. Fryberger's employees appear in many of the Videos. Upon returning from the resorts, Fryberger' staff produced the promotional videos by editing the footage, licensing and mixing music for the videos, and creating the title screens. A small fraction of Videos are unauthorized derivatives of Fryberger's footage. None of the Videos were made pursuant to a work-made-for-hire agreement. None of the Defendants obtained express or implied licenses for the

Videos. Neither of the Defendants have paid or otherwise compensated Plaintiff for the use of the Videos.  Despite repeated notices of infringement, the Defendants continued to infringe Fryberger's copyrights. Defendants continue to use Fryberger's work without license or permission on Apple Vacations' websites, on websites operated by Rich Media Exchange, LLC, and on TripTelevision's websites.

Plaintiff's first claim is for copyright infringement against Rich Media Exchange. Rich Media Exchange displayed, reproduced, and distributed the Videos without Fryberger's permission.

Plaintiff's second claim is for contributory copyright infringement against Kulin Strimbu. Strimbu managed TripTelevision and Rich Media Exchange at all relevant times. Stimbu knew of the infringing use of Fryberger's videos by Rich Media Excahnge and TripTelevision. She materially contributed to the infringement by continuing to direct TripTelevision and Rich Media Exchange to distribute infringing copies of the Videos.

Plaintiff's third claim is for vicarious copyright infringement against Kulin Strimbu. Strimbu had the right and ability to control TripTelevision and Rich Media Exchange. Strimbu received direct financial benefits from TripTelevision and and Rich Media Exchange's infringing conduct in the form of salary and equity.

Plaintiff's fourth and fifth claims are against TripTelevision and are moot.

Fryberger seeks to recover his actual damages.

B.     **Defendants' Defenses.**

This case arises out of a payment dispute. TripTelevision, LLC ("TTV") had a contract with Apple Vacations, LLC to provide videos that would depict travel destinations and excursions that were part of vacation packages Apple Vacations, LLC was selling. TTV hired Plaintiff as an independent contractor to make and edit travel videos that would be provided to Apple Vacations for Apple Vacations' use.

In two written contracts, TTV promised to pay Plaintiff in arrears for his video production services.  There is no dispute that TTV satisfied the terms of the first written contract.  In the second contract, a Master Service Agreement dated September 4, 2012, Plaintiff agreed to provide production work on certain videos for TTV.  Plaintiff invoiced TTV for his services.  TTV paid invoices totaling $115,399, but did not pay the last four months' of invoices.  Defendants contend Plaintiff overbilled or misbilled amounts for services and failed to account for payments that already were made.  Defendants further contend that Plaintiff sought payment for services Plaintiff did not perform.  Plaintiff terminated his contractual relationship with TTV on March 22, 2013 due to nonpayment.

Plaintiff followed his termination of his contract with TTV with this lawsuit.  Plaintiff asserted five claims for relief: (1) copyright infringement against TTV, Rich Media Exchange, LLC ("RME") and Apple Vacations; (2) contributory copyright infringement against Kulin Strimbu; (3) vicarious copyright infringement against Kulin Strimbu;[1] (4) breach of contract against TTV; and (5) civil theft against TTV.   *See* ECF No. 1.

---

[1]      Plaintiff also asserted these claims against Ms. Strimbu's mother, Elizabeth Holt. Those claims were dismissed.  *See* ECF No. 91.

TTV filed for bankruptcy while this case was pending (Case No. 15-22647-MER). The Court administratively closed this case as a result.  *See* ECF No. 145.  Apple Vacations settled with the Plaintiff while this matter was administratively closed.  *See* ECF No. 146.  The Court later granted Plaintiff's motion to reopen this case as to Defendants Kulin Strimbu and Rich Media Exchange, LLC only.  *See* ECF No. 150.

On Plaintiff's first claim for copyright infringement, Rich Media Exchange, LLC contends Plaintiff's contract with TTV provided that TTV, not Plaintiff, owns all copyrights to the video content.  The terms of the written agreements, and the parties' course of dealing, show that TTV owned the video content, or at least had the right to use the video content without risk of infringement.  Specifically, in the Master Service Agreement, TTV and Plaintiff agreed:

> [A]ll proprietary information disclosed by TTY to CFF relating to TTV's business and the business of its subsidiaries and affiliates, including business models, market strategies, production processes, trade secrets, know-how, patents, copyrights, financial information, sales, distribution strategies, internet and eCommerce strategies, devices, records. Data, notes, reports, proposals, lists, correspondence, designs, formulas, developmental or experimental work, computer programs, data bases, customer lists, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, will be referred to collectively in this Agreement as "Confidential Information."

Plaintiff further agreed that all of this "Confidential Information, and any derivative thereof remains the property of TTV, and no license, intellectual property rights or other rights to the Confidential Information are granted or implied hereby other than the limited right to use for the Purpose."  MSA, p. 5. For copyrightable or copyrighted material, the MSA defined derivatives to mean "any translation, abridgment, revision or other form in which an existing work may be recast, transformed or adapted."  *Id.*   Rich Media

Exchange contends that the MSA's terms are unambiguous and establish that TTV retained copyright ownership of the videos Plaintiff filmed or produced.

Even if the contract did not provide that TTV exclusively owned the copyrights to the video content, Rich Media Exchange contends TTV and Plaintiff were joint authors of the video content.  Although it contracted with Plaintiff for production services, TTV was in control of those production services as they related to Apple Vacations.  Plaintiff also agreed with TTV that TTV would have final control over whether a video was "satisfactory" and final control over whether any videos would be "approved."  TTV had the right to control staffing on the filming projects and had to approve Plaintiff's staff.  Plaintiff also agreed that "any and all video content files, finishes or unfinished, graphic files, and partially finished project work, will be immediately transferred to TTY hard drives" so that TTV would retain control, including editorial control.  Based on these and other facts, Rich Media Exchange contends that the video content in question were "joint works" or, alternatively, that Plaintiff and TTV were authors of a "collective work," pursuant to 17 U.S.C. § 101, *Aalmuhammed v. Lee*, 202 F.3d 1227, 1234 (9th Cir. 2000), and *Andrien v. S. Ocean Cty. Chamber of Com.*, 927 F.2d 132, 136 (3d Cir. 1991).

Additionally, assuming for the sake of argument that Plaintiff was the exclusive owner of the video content, the Defendants have alleged the affirmative defense of an an irrevocable license to use the video content.  A copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement.  *See Jacobsen v. Katzer*, 535 F.3 1373, 1380 (Fed. Cir. 2008). A non-exclusive license is implied from conduct where: (1) a person requests the creation

of a work; (2) the particular work is made and delivered to the person who requested it; and (3) the licensor intends that the licensee copy and distribute the work in accordance with its intended use.  *See I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996).  Rich Media Exchange contends that the evidence will establish all three elements required to prove that Plaintiff granted to Defendants an irrevocable license to use the video content, precluding his claim for copyright infringement

On Plaintiff's claim against Kulin Strimbu for contributory copyright infringement, Defendants deny that they individually copied, displayed, distributed or published any copyrighted works owed or registered to Plaintiff.  Additionally, Ms. Strimbu denies that she took any actions outside the course and scope of her agency with TTV or Rich Media Exchange, LLC, and further denies that she could be vicariously or individually liable for TTV's or Rich Media's alleged actions.  Defendants also contend Plaintiff's claim fails because the contract Plaintiff entered provided TTV exclusively owned the copyrights to the video content and Kulin Strimbu, as an officer of TTV, was authorized to use the video content.  Further, Defendants contend that TTV and Plaintiff were joint authors of the video content, thereby allowing Kulin Strimbu to use the video content.  Moreover, Defendants contend Plaintiff cannot establish contributory copyright infringement against Ms. Strimbu because Plaintiff cannot establish that Ms. Strimbu actually knew TTV or Rich Media Exchange was infringing on his alleged copyright or materially contributed to the infringement.  Finally, Defendants contend that Plaintiff granted to Defendants an irrevocable license to use the video content, precluding his claim for contributory copyright infringement.

Regarding Plaintiff's claim against Ms. Strimbu for vicarious copyright infringement, Defendants contend Plaintiff's claim fails because the contract Plaintiff entered provided TTV exclusively owned the copyrights to the video content and Kulin Strimbu, as an officer of TTV, was authorized to use the video content.   Further, Defendants contend that TTV and Plaintiff were joint authors of the video content, thereby allowing Kulin Strimbu to use the video content.  Moreover, Defendants contend Plaintiff cannot establish vicarious copyright infringement against Ms. Strimbu because Plaintiff cannot establish that Ms. Strimbu actually knew TTV or Rich Media Exchange was infringing on his alleged copyright or materially contributed to the infringement.  Finally, Defendants contend that Plaintiff granted to Defendants an irrevocable license to use the video content, precluding his claim for vicarious copyright infringement.

As additional affirmative defenses, Defendants contend that: (1) Plaintiff's injuries and damages may be the result of others over whom Defendants had no control or right of control; (2) Plaintiff failed to mitigate his claimed damages;  as required by Colorado law; (3) Plaintiff's claims are barred in their entirety by the doctrine of acquiescence; and (4) Plaintiff's claims are barred in their entirety by the doctrine of laches.

### 4.    STIPULATIONS

1.    Plaintiff Charles F. Fryberger is an individual resident of Colorado doing business as Chuck Fryberger Films ("CFF").

2.    TTV was a limited liability company organized under the laws of the State of Nevada, is registered to do business in Colorado, with a principal place of business located at 7200 S. Alton Way, Suite 190A, Centennial, CO 80112.

3.     Rich Media Exchange, LLC is a limited liability company organized under the laws of the State of Colorado with a principal place of business of 9609 S University Blvd, 632281, Highlands Ranch, CO 80163.

4.     Kulin Strimbu was a co-founder, President and CEO of TTV.

5.     Kulin Strimbu is the founder, President and CEO of Rich Media Exchange, LLC.

6.     In early 2012, Apple Vacations, a travel promoter, contracted with TTV to produce a series of videos relating to vacation resorts in Jamaica.

7.     TTV entered into a service contract with Plaintiff dated July 17, 2012 to produce video content relating to promoting resorts and attractions in Jamaica.

8.     The July 17, 2012 contract between Plaintiff and TTV specifically provided that copyrights to the Jamaica videos would belong to TTV.

9.     In August 2012, Apple Vacations contracted with TTV to create videos promoting other resorts and destinations Apple Vacations serviced.

10.    TTV entered into a Master Service Agreement with Plaintiff, dated September 4, 2012, relating to pre-production, production and post-production services for TTV relating to the other resorts and destinations Apple Vacations serviced.

11.    TTV paid to Plaintiff a total of $115,399 for the video pre-production, production and post-production services provided to TTV.

12.    By December 2012, TTV had fallen behind in making payments to Plaintiff.

13.    In March 2013, Plaintiff ceased providing pre-production, production and post-production services for TTV.

14.     On March 29, 2013, Plaintiff terminated the Master Service Agreement with TTV.

### 5.     PENDING MOTIONS

None.

### 6.     WITNESSES

a.  List the nonexpert witnesses to be called by each party. List separately:

(1)       witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

      1.  Plaintiff

         a.  Charles Fryberger. Mr. Fryberger will give testimony as to all aspects of the dispute.

         b.  Kulin Strimbu. Ms. Strimbu will give testimony as to all aspects of the dispute.

      2.  Defendants

         a.  Kulin Strimbu.  Ms. Strimbu will testify in response to Plaintiff's claims and in support of Defendants' defenses, specifically the Defendants' defenses of joint authorship, license, laches, and failure to mitigate.

(2)       witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

      1.  Plaintiff

a.  Elizabeth Holt. Holt may testify regarding the management and ownership of TripTelevision and Rich Media Exchange

b.  Peter Strimbu. Peter Strimbu may testify regarding the management and ownership TripTelevision.

c.  Thom Strimbu. Thom Strimbu may testify regarding the creation of the videos at issue in this dispute.

d.  Jim Parks. Parks may testify regarding TripTelevision's payments to Chuck Mr. Fryberger.

e.  Jessica Dory. Dory may testify regarding the creation of the videos at issue in this dispute.

f.  Christopher Anthony . Anthony may testify regarding the creation of the videos at issue in this dispute.

g.  Alyson Nicklas. Nicklas may testify regarding the creation of the videos at issue in this dispute.

h.  Amy Baumberger. Baumberger may testify regarding the creation of the videos at issue in this dispute.

i.  Nick Owen. Owen may testify regarding the creation of the videos at issue in this dispute.

j.  Frazer Lockhart. Lockhart may testify regarding the creation of the videos at issue in this dispute.

k.  Jeffrey Janusheske. Janusheske may testify regarding the creation of the videos at issue in this dispute.

l.  Kyle Berkompas. Berkompas may testify regarding the creation of the videos at issue in this dispute.

2.  Defendants

a.  Peter Strimbu. Peter Strimbu may testify regarding the video content, his involvement in pre-production, production and post-production of video content, and Defendants' defenses, including joint authorship, license, laches, and failure to mitigate.

b.  Thom Strimbu. Thom Strimbu may testify regarding may testify regarding the video content, his involvement in pre-production, production and post-production of video content, and Defendants' defenses, including joint authorship, license, laches, and failure to mitigate.

c.  Amy Baumberger. Baumberger may testify regarding the video content, her involvement in pre-production, production and post-production of video content, and Defendants' defenses, including joint authorship, license, and failure to mitigate.

    d.   Charles Fryberger.  Defendants may call Mr. Fryberger as a witness to testify to production of the video content, joint authorship, license, laches, and failure to mitigate.

    e.   Frazer Lockhart.  Defendants may call Mr. Lockhart as a witness to testify to production of the video content, joint authorship, license, laches, and failure to mitigate.

    f.   Sandi Babin, Apple Vacations, LLC, c/o Conor P. Boyle, Hall & Evans, 1001 17th Street, Suite 300, Denver, CO 80202; Phone: (303) 628-3484. Defendants may call Ms. Babin to testify regarding Apple Vacations' contract with TTV, its involvement in obtaining the video content for properties and resorts it serviced, and Defendants' defenses of joint authorship, license, laches, and failure to mitigate.

(3)      witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

    1.  Plaintiffs

        a.  None at the time.

    2.  Defendants

       a.  Sandi Babin.

       b.  Apple Vacations, LLC

b.  List the expert witnesses to be called by each party. List separately:

(1)      witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

       1.  Plaintiff

          a.  Charles Fryberger. Charles Fryberger will give opinion

             testimony on the damages caused by the Defendants

       2.  Defendants

          a.  Defendants object to Plaintiff's claim that Mr.

             Fryberger is an expert witness.  Defendants do not

             intend to call an expert witness at trial.

(2)      witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));
and

       1.  Plaintiff

          a.  Peter Kent. Kent may testify as to the damages

             suffered by Charles Fryberger.

       2.  Defendants

          a.  None.

(3)      witnesses where testimony is expected to be presented by means of a
deposition and, if not taken steno graphically, a transcript of the pertinent portions
of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

       1.  Plaintiffs

        a.  None at the time.

    2.  Defendants

        a.  None at the time.

## 7.   EXHIBITS

(1)      Plaintiff(s): Plaintiff's exhibit list is attached.

(2)      Defendant(s):  Defendants exhibit list is attached hereto.

(3)      Other parties:

a)  Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.   DISCOVERY

Discovery has been completed.

## 9.   SPECIAL ISSUES

None.

## 10.   SETTLEMENT

a.  Counsel for the parties and any pro se party have met in person and by telephone) on many occastion to discuss in good faith the settlement of the case.

b.  The participants in the settlement conference, included counsel, party representatives, and any pro se party.

c.  The parties were promptly informed of all offers of settlement.

d.  Counsel for the parties and any pro se party request that the Court refer this matter to alternative dispute resolution, pursuant to D.C.COLO.L.CivR 16.6.

e.  It appears from the discussion by all counsel and any pro se party that there is: some possibility of settlement.

f.   Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.   OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.   EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.   TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.   Trial is to a jury.

2.   The parties estimate the trial time to be five days

3.   The paties expect the trial to be held at the Alfred A. Arraj United States

     Courthouse.

DATED this __day of December, 2021.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

   /Scott E. Brenner/                                           /s Troy R. Rackham

Scott Brenner                                                 Troy Rackham

THOMAS P. HOWARD, LLC                Spencer Fane, LLP

842 W. South Boulder Rd.              1700 Lincoln Street, Suite 2000

Suite #100                                           Denver, CO 80203

Louisville, CO 80027

(303) 665-9845                                   Telephone: (303) 839-3860

sbrenner@thowardlaw.com

                                               Attorney for Defendants

Attorney for Plaintiff

Respectfully submitted December 10, 2021.

                                               THOMAS P. HOWARD, LLC

                                             By: /s/ Scott Brenner

                                             Scott Brenner

                                             Thomas P. Howard

                                             Scott E. Brenner

                                             James Juo

                                             Kammie Cuneo

                                             David Savidge

                                             842 W. South Boulder Rd.

                                             Suite #100

                                             Louisville, CO 80027

                                             Telephone: (303) 665-9845

                                             Fax: (303) 665-9847

                                             sbrenner@thowardlaw.com

                                             Counsel for Charles Fryberger